**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                     :
ASHWANI K. GOEL,                     :  CIVIL ACTION NO. 07-2609 (MLC)
                                     :
      Plaintiff,                     :       MEMORANDUM OPINION
                                     :
      v.                             :
                                     :
UNITED STATES,                       :
                                     :
      Defendant.                     :
_____:
```

**THE PLAINTIFF**, who is pro se, failing to either pay the filing fee, or apply for in-forma-pauperis relief, see 28 U.S.C. §§ 1914, 1915, see also L.Civ.R. 54.3(a) (stating clerk will not file complaint "unless the fee therefor is paid in advance"); and it appearing that the plaintiff should be aware of this requirement, as he appears to be no stranger to the courts, see Goel v. United States, 62 Fed.Cl. 804 (Fed.Cl. 2004) (action brought in January 2004 under U.S. Ct. of Fed. Cl. No. 04-131), Goel v. U.S. Dep't of Just., No. 03-579, 2003 WL 22471945 (S.D.N.Y. Oct. 30, 2003) (brought in January 2003), Goel v. U.S. Dep't of Just. ("Goel I"), No. 03-579, 2003 WL 22047877 (S.D.N.Y. Aug. 29, 2003), see also Goel v. I.N.S., 2d Cir. No. 04-651 (appeal filed January 2004), Goel v. Indotronix Int'l Corp., S.D.N.Y. No. 04-3400 (brought in May 2004), Goel v. Immig. & Natur. Serv., S.D.N.Y. No. 03-3787 (brought in May 2003), Goel v. U.S. Dep't of Labor, N.D. Ohio No. 03-1025 (brought in May 2003), Goel v. Indotronix Int'l Corp., S.D.N.Y. No. 03-2661 (brought in

April 2003), Goel v. Immig. & Natur. Serv., D.D.C. No. 03-147 (brought in January 2003);[1] but the Court, rather than holding the action in abeyance, reviewing the merits of the action now, see Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990); and

**IT APPEARING** that the Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); and it appearing that a complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios", Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989); and it appearing that the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff", but need not credit bald assertions or legal conclusions, Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and

**THE PLAINTIFF** seeking issuance of a "writ of mandamus or . . . order or direction . . . ordering respondent to conduct

---

[1] It appears that the plaintiff is, or was, an attorney. See Goel I, 2003 WL 22047877, at *1 (noting same); Goel v. Indotronix Int'l Corp., 293 A.D.2d 648, 648 (N.Y. App. Div., 2d Dep't, 2002) (noting plaintiff was suspended from practice of law).

investigation and prosecute my employer for immigration frauds, coercing employee to prepare fraudulent immigration petitions and employing unauthorized aliens" (dkt. entry no. 1, Compl.); and the plaintiff alleging that (1) he is "a U.S. citizen and tax payer", (2) his employer coerced him into preparing fraudulent petitions to be submitted to the United States Citizenship & Immigration Service ("USCIS"), and "us[ing] unauthorized aliens on the job", (3) he has complained to the United States Attorney's Office and USCIS "seeking governmental investigation and protection against employer intimidation and harassment", and (4) "[i]t is the duty of the respondent under Immigration Nationality Act statute to prosecute my employer for pressuring me to prepare fraudulent immigration petitions and coercing me to use unauthorized aliens on the job" (id.); but

**IT APPEARING** that a private citizen has no federal right to compel the federal government to initiate an investigation or a prosecution, as initiating an investigation or a prosecution is a function of governmental discretion, Millhouse v. Levi, No. 07-4048, 2008 WL 510471, at *1 (3d Cir. Feb. 27, 2008) (concerning request to investigate federal detention center, and citing Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973)), Morrow v. Meehan, 258 Fed.Appx. 492, 493-94 (3d Cir. 2007) (concerning husband's request to compel United States Attorney to issue warrant for wife's arrest for kidnaping child), cert. denied, No. 07-1204,

2008 WL 759090 (U.S. Apr. 28, 2008);[2] and it appearing that such a right does not arise from the plaintiff's status as a citizen and taxpayer, see Schoenrogge v. Rooney, 255 Fed.Appx. 324, 325-26 (10th Cir. 2007) (stating same in affirming order dismissing claim seeking to compel federal official to terminate certain employees); and

**IT APPEARING** that the plaintiff is already aware that (1) "[a] writ of mandamus may only be granted to [him] if, inter alia, the defendant owes him a clear nondiscretionary duty", (2) "[p]rivate persons . . . have no judicially cognizable interest

---

[2] This is a well-settled proposition. See Nicholas v. Heffner, 228 Fed.Appx. 139, 141 (3d Cir. 2007) (dismissing appeal from order dismissing claim seeking federal investigation of police officers); Baranoski v. U.S. Att'y Off., 215 Fed.Appx. 155, 156 (3d Cir. 2007) (dismissing appeal from order dismissing claim seeking to compel defendant to empanel grand jury); Lichtman v. United States, No. 07-10, 2007 WL 2119221, at *3 (E.D. Pa. June 8, 2007) (granting motion to dismiss request to compel United States Department of Justice to bring prosecution for tax fraud, as (1) federal prosecutors owe individuals no duty to prosecute, and (2) such decision is discretionary); Martin v. U.S. Att'y Off., No. 06-5115, 2007 WL 1672354, at *3 (D.N.J. June 7, 2007) (granting motion to dismiss claim seeking writ of mandamus directing defendant to investigate and stop medical experiments on plaintiff, as no right to compulsory investigation by defendant); Soto v. U.S. Att'y Gen., No. 99-6592, 2001 WL 34387934, at *1 (E.D. Pa. Nov. 13, 2001) (granting motion to dismiss claim to compel prosecution of certain entity, as defendant owed plaintiff no such duty because (1) prosecutor acts for community as whole, not particular individual, (2) prosecutor acts on own discretion, and (3) that discretion is ill-suited for judicial review).

in procuring enforcement of the immigration laws", and (3) "deference must be given to the [federal] agency's discretion on whether to bring an enforcement action", Goel I, 2003 WL 22047877, at *2-*3 (cites & quotes omitted, & emphasis in original); and

**IT APPEARING** that the complaint is frivolous and fails to state a claim on which relief may be granted; and the Court intending to direct the Clerk of the Court (1) not to file the complaint, and (2) to designate the action as closed; and the Court disposing of this action with prejudice sua sponte now, as all of the allegations in the complaint "are patently meritless and beyond all hope of redemption", O'Dell v. U.S. Gov't, 256 Fed.Appx. 444, 445 (3d Cir. 2007) (cite and quotes omitted); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

**Dated:**    June 2, 2008